IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MAKAYLA FITZGERALD, § | | |
| *Intervenor-Plaintiff,* § | | |
| § | | |
| vs. § | | Civil Action No. 2:21-cv-00324 |
| § | | |
| KEYSTONE LOGISTICS, INC., § | | Jury Demanded |
| *Defendant.* § | | |

**KEYSTONE LOGISTICS, INC.'S MOTION FOR SUMMARY JUDGMENT**

Defendant, KEYSTONE LOGISTICS, INC. ("***Keystone Logistics***") files this Motion for Summary Judgment under Federal Rule of Civil Procedure 56, and would show:

**I. Introduction & Argument Summary**

In this motor vehicle accident case, Intervenor-Plaintiff, Makayla Fitzgerald alleges a cause of action for negligent hiring against the freight broker who brokered the load in question to the motor carrier, Avnoor Transport, Inc. ("***Avnoor Transport***"), who in turn hired the driver, Alamjit Toor. Avnoor Transport and Toor already settled with Fitzgerald and were previously dismissed from this suit. Federal law preempts state law tort claims against a freight broker, which bars Fitzgerald's cause of action against Keystone Logistics. Additional legal and no-evidence points also bar Fitzgerald's cause of action against Keystone Logistics.

**II. Statement of Issues to Be Decided by the Court**

Keystone Logistics moves this Court to decide:

- Whether Fitzgerald's cause of action against it is preempted and barred by federal law.

- Whether it is a freight broker for the load in question.

- Whether Fitzgerald presents competent evidence or authority to support the essential elements of her cause of action against it.

### III. Statement of Undisputed Materials Facts

The undisputed material facts are:

- Makayla Fitzgerald was involved in an automobile accident on March 2, 2021.

- Alamjit Toor was a tractor-trailer driver involved in an automobile accident with Fitzgerald on March 2, 2021.

- Alamjit Toor was hired to drive a tractor-trailer by Avnoor Transport, Inc. on the incident date. Avnoor Transport provided Toor with the tractor.

- Avnoor Transport was authorized by the Federal Motor Carrier Safety Administration to operate as a motor carrier on the incident date.

- Keystone Logistics, Inc. hired Avnoor Transport to haul a load of cabbage on the incident date.

### IV. Exhibits & Evidence

This motion is based on the absence of contrary evidence, and the following items:

Exhibit A     Keystone Logistics Carrier Rate Confirmation Agreement

Exhibit B     Restatement (Second) of Torts § 411

Exhibit C     FMCSA Webpage: Avnoor Transport Authority History

### V. Arguments & Authorities

**A.   Federal law preempts state-law tort claims against a freight broker.**

Makayla Fitzgerald's state-law negligence claim against Keystone Logistics, a freight broker, is preempted and barred by federal preemption under the Interstate Commerce Commission Termination Act (ICCTA) and the Federal Aviation Administration Authorization Act (FAAAA).[1] Under the doctrine of federal preemption, a federal law supersedes or supplants an inconsistent state law or regulation.[2] Congress enacted the ICCTA and FAAAA to bar states from regulating freight

---

[1] 49 U.S.C. §§14501(b)(1), (c)(1).

[2] U.S. Const. Art. VI, Cl. 2; *United States v. Zadeh*, 820 F.3d 746, 751 (5th Cir. 2016).

brokers.[3]

The ICCTA provides that states may not enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to intrastate rates, intrastate routes, or intrastate services of any freight broker.[4] The FAAAA similarly provides that a state may not enact or enforce a law, regulation, or other provision having the force and effect of law relating to price, route, or services of any broker with respect to the transportation of property.[5]

The FAAAA's preemption must be read broadly.[6] As such, preemption may occur even if a the effect of state law on rates, routes, or services is only indirect.[7] Consistent with broad preemption, a recent decision among U.S. District Courts in Texas holds common law negligence claims against freight brokers, such as Keystone Logistics, are preempted.[8] Another U.S. District Court in Texas has reasoned that preemption "would have equal force when applied to

---

[3] 49 U.S.C. § 14501(b)(1); *Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364 (2008)(ruling two Maine statues were preempted by the FAAAA); *Enbridge Energy, LP v. Imperial Freight Inc.*, 2019 U.S.Dist.LEXIS 70106, *3-4 (S.D.Tex. Apr. 25, 2019)(stating "The FAAAA preempts common-law negligent hiring claims against freight brokers." and citing *Alpine Fresh, Inc. v. Jala Trucking Corp.*, 181 F. Supp. 3d 250, 254-57 (D.N.J. 2016)(concluding freight brokers are preempted under FAAAA from state law negligence claims)).

[4] 49 U.S.C. § 14501(b)(1).

[5] 49 U.S.C. § 14501(c)(1).

[6] *Gillum v. High Standard, LLC*, 2020 U.S. Dist.LEXIS 14820, *6 (W.D.Tex. Jan. 27, 2020)(noting "the Supreme Court held that the FAAAA's preemption must also be read broadly," citing *Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 370 (2008)).

[7] *Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 370 (2008); *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 260 (2013) (interpreting the FAAAA's "related to" provision as embracing state laws "having a connection with or reference to" carrier rates, routes, or services, whether directly or indirectly).

[8] *Gillum v. High Standard, LLC*, 2020 U.S. Dist.LEXIS at *13 (granting dismissal of all claims against freight broker, Danco Transport, as preempted under FAAAA).

either…entrustment claims or…negligent selection claims."[9] Those opinions are part of an increasing line of similar holdings from several jurisdictions.[10]

Fitzgerald alleges a direct liability claim against Keystone Logistics on grounds of alleged negligent hiring of Avnoor Transport. *See* Fitzgerald's First Amended Complaint (Dkt. No. 64) at ¶¶56-58. Thus, Fitzgerald unmistakably alleges a state-law tort claim against Keystone Logistics, a freight broker. Thus, state law tort claims against Keystone Logistics are preempted by federal law.[11]

**B.     Keystone Logistics was the freight broker for the load in question.**

The undisputed facts and Fitzgerald's own pleadings show Keystone Logistics brokered the load in question to motor carrier, Avnoor Transport. The Federal Motor Carrier Safety Regulations ("***FMCSRs***") contain mutually exclusive definitions of "Freight Broker" and "Motor Carrier." Keystone Logistics notably fulfilled its duties as a freight broker by contracting with Avnoor Transport, a federally registered Motor Carrier. Not surprisingly, the Fifth Circuit Court of Appeals has recognized a "Freight Broker" is not and cannot simultaneously be a "Motor Carrier" under

---

[9] *Leonard v. Tejas Materials, Inc.*, 2020 U.S.Dist.LEXIS 132053, * 4-5 (S.D.Tex. Jul. 24, 2020)

[10] *Enbridge Energy, LP v. Imperial Freight Inc.*, 2019 U.S.Dist.LEXIS 70106 (S.D.Tex. Apr. 25, 2019)(granting summary judgment against state-law claims against a freight broker, reasoning that "[t]he Federal Aviation Administration Authorization Act preempts state regulation of the trucking industry, including state-law private claims."); *Volkova v. C.H. Robinson Co.*, 2018 U.S. Dist. LEXIS 19877, *9 (N.D. Ill. 2018) (holding negligent hiring claims directly implicate how freight brokers perform their central function of hiring motor carriers, which involves the transportation of property and is preempted); *Krauss v. IRIS USA, Inc.*, 2018 U.S. Dist. LEXIS 74922, at *9 (E.D. Pa. 2018)(holding the FAAAA preempts negligent hiring or retention claims brought against freight brokers); *Georgia Nut Co. v. C.H. Robinson Co.*, 2017 U.S. Dist. LEXIS 177269, *6 (N.D. Ill. Oct. 26, 2017)(granting dismissal under Fed. R. Civ. P. 12(b)(6) of common law negligent hiring and supervision claims against a freight broker based on FAAAA preemption).

[11] *Enbridge Energy, LP v. Imperial Freight Inc.*, 2019 U.S.Dist.LEXIS 70106; *Gillum v. High Standard, LLC*, 2020 U.S. Dist. LEXIS 14820.

federal regulations.[12] The very federal regulations relied upon by Fitzgerald also contain mutually exclusive definitions of "Freight Broker"[13] and "Motor Carrier."[14]

Further, Fitzgerald's own pleadings acknowledge Keystone Logistics clearly falls within the definition of freight broker by pleading and judicially admitting facts establishing that fact:

- "The collision was caused by Defendant Alamjit Toor ("Toor"), who was driving an 18-wheeler for Defendant Avnoor Transport, Inc. ("Avnoor")." *See* Fitzgerald's First Amended Complaint (Dkt. No. 64) at ¶ 3.

- "Bates Nos. AVNOOR 0246-0248 included requirements designated by Keystone Logistics, Inc. and information stating Keystone Logistics, Inc. arrange or offered to arrange the transportation of the shipment at issue during the collision giving rise to this litigation." *See id*. at ¶ 9.

- "This case arises from a collision in which Defendant Toor was operating a motor vehicle within the State of Texas. … Defendant Toor was driving for his employer, Defendant Avnoor, at the time of the collision. .. Toor was Defendant Avnoor's agent and was operating a motor vehicle in Texas." *See id*. at ¶¶ 17-18.

- "Defendant Keystone does business in Texas, including arranging or offering to arrange the transportation of the shipment of goods." *See id*. at ¶ 19.

- "Defendant Toor was driving a tractor trailer owned by Defendant Avnoor…Defendant Toor was in the course and scope of his employment with Defendant Avnoor. Defendant Keystone arranged or offered to arrange the transportation of the shipment of the cabbage being hauled by Defendant Toor at the time of the incident in question." *See id*. at ¶ 23.

- "Defendant Avnoor is a 'motor carrier' as defined by Code of Federal Regulations. *See* 49 C.F.R. § 390.5." *See id*. at ¶ 30.

- "[T]he 18-wheeler Toor was driving at the time of the collision made the basis of this lawsuit, was hauling a load of cabbage arranged for pick up and drop off by Defendant Keystone." *See id*. at ¶ 31.

---

[12] *Puga v. RCS Sols.*, 922 F.3d 285, 292 (5th Cir. 2019)(reasoning "[t]he main difference between a motor carrier and a broker is the actual operation of the leased equipment. This difference stands out when looking at the definitions of motor carrier and broker in the Act. …Put briefly, a motor carrier transports, and a broker provides a motor carrier.")

[13] 49 C.F.R. § 371.2(a) ("Broker means a person who, for compensation, arranges, or offers to arrange, the transportation of property by an authorized motor carrier.")

[14] 49 U.S.C. § 13102(2).

- "Defendant Keystone required Defendant Avnoor to pick up and deliver cargo on dates and times." *See id*. at ¶ 34.

- "Defendant Toor was a statutory employee of Defendant Avnoor pursuant to Federal Motor Carrier Safety Regulations. *See* 49 C.F.R. § 390.5." *See id*. at ¶ 37.

- "Defendant Toor was driving an 18-wheeler for Defendant Avnoor at the time of the collision made the basis of this lawsuit." *See id*. at ¶ 38.

- "At the time of the collision, Defendant Toor was driving in the course and scope of his employment for Defendant Avnoor. Defendant Avnoor is vicariously liable for Defendant Toor's negligence." *See id*. at ¶¶ 53-54.

- "Defendant Keystone [hired] Defendant Avnoor when it arranged for the transport of cargo." *See id*. at ¶ 56.

The evidence developed to date also leaves no room for doubt but that Toor was driving for motor carrier Avnoor Transport at the time of the accident, as repeatedly acknowledged in Fitzgerald's pleadings above. Keystone Logistics' Carrier Rate Confirmation agreement further confirms Keystone Logistics was the freight broker and Avnoor Transport was the motor carrier for the load in question. *See* Exhibit A (Carrier Rate Confrmation).

**C.**   **Fitzgerald has no competent evidence on essential elements of her cause of action.**

Fitzgerald's cause of action for negligent hiring of Avnoor Transport fails for lack of competent evidence to support its essential elements. As a general proposition, to state a claim for negligent hiring, Fitzgerald must show: (1) Keystone Logistics owed Fitzgerald a duty recognized under Texas law to hire a competent motor carrier, (2) Keystone Logistics knew or should have known that Avnoor Transport was incompetent, and (3) Fitzgerald was injured because of Avnoor Transport's incompetence. *Wasson v. Stracener*, 786 S.W.2d 414, 422 (Tex.App.—Texarkana 1990, writ den.). Fitzgerald cannot provide competent support for these elements.

**1.   There is no competent evidence of a legal duty Keystone Logistics owed to Fitzgerald.**

As indicated above, federal law preempts state law with respect to freight brokers. Thus, any

duty Fitzgerald might propose under Texas law to suggest Keystone Logistics owed a duty in this case is barred by federal preemption.

Setting aside federal preemption, Fitzgerald proposes a duty under Restatement (Second) of Torts § 411. The Official Publication of that treatise identifies no Texas decision adopting or supporting the application of that Section under Texas law. *See* Exhibit B (Restatement (Second) of Torts § 411 (1965) Annotated). Fitzgerald thus presents no legal duty recognized under Texas law for her claim against Keystone Logistics.

Fitzgerald also has no competent evidence that would support her allegation of a legal duty recognized under Texas law against Keystone Logistics. Thus, her claim against Keystone Logistics cannot survive summary judgment review.

**2. There is no competent evidence that Keystone Logistics knew or should have known that Avnoor Transport was allegedly incompetent.**

Texas courts recognize merely alleging or even showing a principal did not check a contractor's qualifications before hiring the contractor "would not create liability unless there was also evidence that [the contractor] was incompetent." *Wasson*, 786 S.W.2d at 422. Fitzgerald has no competent evidence to show Avnoor Transport lacked motor carrier authority from the U.S. Department of Transportation at the time it was hired for the load in question. To the contrary, public records indicate Avnoor Transport has maintained its motor carrier authority with the U.S. Department of Transportation continuously since March 21, 2014. *See* Exhibit C (Avnoor Transport Authority History).

Fitzgerald also presents no evidence to show Avnoor Transport had an unsatisfactory or even conditional safety rating at the time it was hired for the load in question. But even if Fitzgerald could identify, for example, a deficiency in the driving record of Toor, or documentation missing from Avnoor Transport, she must go further to show that Keystone Logistics knew or should have known

that Avnoor Transport was incompetent for the load it was hired to haul. Because she cannot meet her burden on this element, her claim cannot survive summary judgment review.

   **3. There is no competent evidence that Fitzgerald was injured because of Avnoor Transport's alleged incompetence.**

Fitzgerald cannot present competent evidence to show Avnoor Transport's alleged incompetence proximately caused injury to her. In the event Fitzgerald or her retained testifying consultant are able to present evidence of a deficiency attributable to Avnoor Transport, that is insufficient to support her claim against Keystone Logistics. She must show such a deficiency both rendered Avnoor Transport incompetent for the load brokered to it by Keystone Logistics, and that such deficiency caused injury to her. Because she cannot meet her burden on this element, her claim cannot survive summary judgment review.

WHEREFORE, PREMISES CONSIDERED, KEYSTONE LOGISTICS, INC. prays that Intervenor-Plaintiff's claims against it be denied in whole or in part, summary judgment be granted and entered, and that it and the claims against it be dismissed with prejudice.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

 /s/ Kris M. Stockberger
KRISTOPHER M. STOCKBERGER
Texas Bar No. 24028015
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile
Kris.Stockberger@lewisbrisbois.com
**ATTORNEY FOR DEFENDANT
KEYSTONE LOGISTICS, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record pursuant to the TEXAS RULES OF CIVIL PROCEDURE via e-mail, electronic filing, certified or regular mail, or by facsimile on April 5, 2023.

                                                                */s/ K. Stockberger*
                                                KRISTOPHER M. STOCKBERGER